ASSOCIATED BUILDERS AND CON-
TRACTORS, INC., Golden Gate Chapter;
Golden Gate Chapter Associated Build-
ers and Contractors Training Trust
Fund; Golden Gate Chapter of Associat-
ed Builders and Contractors Bat Train-
ing Program, Plaintiffs–Appellants,

v.

James CURRY and Ronald T. Rinaldi, in
their official capacities as Labor Com-
missioner of the State of California, and
Director of Industrial Relations for the
State of California, Defendants–Appel-
lees,

and

Operating Engineers Joint Apprenticeship
Committee; Carpenters 46 Northern
California Counties Joint Apprentice-
ship and Training Committee; Northern
California Cement Masons Joint Ap-
prenticeship and Training Committee;
California & Vicinity Field Iron Work-
ers Joint Apprenticeship Committee, In-
tervenors–Appellees.

WALTHER ELECTRIC COMPANY;
Walther Electric Company Training
Committee, Plaintiffs–Appellants,

v.

James CURRY and Ronald T. Rinaldi, in
their official capacities as Labor Com-
missioner of the State of California, and
Director of Industrial Relations for the
State of California, Defendants–Appel-
lees,

and

Operating Engineers Joint Apprenticeship
Committee; Carpenters 46 Northern
California Counties Joint Apprentice-
ship and Training Committee; Northern
California Cement Masons Joint Ap-
prenticeship and Training Committee;
California & Vicinity Field Iron Work-
ers Joint Apprenticeship Committee, In-
tervenors–Appellees.

Nos. 92–16308, 92–16276.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 1995.

Decided Oct. 16, 1995.

Mark R. Thierman, John W. Prager, Jr., and George P. Parisotto, Thierman Law Firm, San Francisco, California, for plaintiffs-appellants.

H. Thomas Cadell, Jr., Chief Counsel, Division of Labor Standards Enforcement, Department of Industrial Relations, San Francisco, California, for defendant-appellee James Curry.

John M. Rea, Chief Counsel, and James D. Fisher, Department of Industrial Relations, San Francisco, California, for defendant-appellee Ronald T. Rinaldi.

Victor Van Bourg, Blythe Mickelson, Van Bourg, Weinberg, Roger & Rosenfeld, Oakland, California, and Lawrence H. Kay, Stanton, Kay & Weston, Sacramento, California, for the intervenors-appellees.

Before: BEEZER and THOMPSON, Circuit Judges, and EZRA, District Judge.*

EZRA, District Judge:

Appellants administer trainee programs approved by the Department of Labor's Bureau of Apprenticeship Training for Davis–Bacon Act public works projects. They sought and were denied approval for California public works projects by the California Apprenticeship Council. The district court held that the operation of California's prevailing wage statute, California Labor Code § 1720 *et seq.*, to allow the payment of lower apprentice wages to only California approved programs did not violate the preemption clause of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1144(a). *Associated Builders and Contractors v. Curry,* 797 F.Supp. 1528 (N.D.Cal.1992). Appellants appeal the district court's grant of summary judgment.

After the district court's decision, we held in *Dillingham Constr. N.A., Inc. v. County of Sonoma* that ERISA preempts the enforcement of California's prevailing wage law against apprenticeship programs that have not received state approval. 57 F.3d 712, 719 (9th Cir.1995). *Dillingham* prevents the application of California's prevailing wage law to discriminate between programs on the basis of state approval. *Id.*

For this reason, we VACATE the decision of the district court and REMAND for consideration in light of *Dillingham,* as well as the Supreme Court's recent decision in *New York Conf. of Blue Cross v. Travelers Ins. Co.,* —— U.S. ——, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995). While Appellees argued that this case became moot when the subject programs received approval from California, Appellants disputed that all programs had received approval. The district court should therefore also consider whether any change in circumstances has rendered the matter moot.

The district court may also wish to reconsider whether the appellants' trainee programs are the functional equivalent of apprenticeship programs, an issue we do not reach in this opinion.

VACATED and REMANDED.